In re REICHERT et al.

District Court, S. D. New York.
Jan. 5, 1934.

Saul S. Myers and Joseph K. Guerin, both of New York City, for petitioning creditor.

Goldman & Frier, of New York City, for assignee, Elmer Levenson.

PATTERSON, District Judge.

Objections are raised to the granting of allowances to the assignee and the assignee's attorneys. Prior to the filing of the involuntary petition, the bankrupts had made an assignment for the benefit of creditors. The assignee employed as his attorneys a firm that represented certain creditors of the bankrupts. The referee has recommended that allowances be paid to the assignee and his attorneys. The record shows that the assignee and his lawyers did a great deal of work and performed services of considerable value to the estate. In my opinion the amounts recommended are not excessive.

The argument in opposition is that since the attorneys were acting for some of the creditors, to the knowledge of the assignee, his retention of them to act in his behalf was improper and should result in a denial of compensation to him and to them. It is true that abuses may occur where the attorneys for a particular creditor become the attorneys also for an insolvent estate. There may be a conflict of interest in such cases. But it

is quite another thing to say that the representative of an estate, whether assignee, receiver, or trustee, always acts improperly in retaining as his attorney one who already represents some of the creditors. There is no such general rule. The case is different where there is a statute or rule of court that disqualifies such an attorney from acting as attorney for the estate; but so far as I know, there is no statute or rule of court in the state of New York which prohibits an assignee for the benefit of creditors from selecting as his attorney a lawyer who has acted for creditors in the same matter. The retention in this case was therefore a lawful and proper one.

Until recent years it was a common practice in this district for the receiver or trustee of a bankrupt estate to choose as his attorney the attorney for some of the creditors. Even under the rules that prevail now, it is recognized as a proper practice in some instances and under certain restrictions. It is manifest that the question is one on which a great deal can be said on both sides. But for present purposes it suffices to say that the assignee for the benefit of creditors violated no rule of law, no statute, and no rule of court prevalent in New York when he took as his attorneys the attorneys for certain of the creditors. He seems to have obeyed the New York law in every particular. The choice may have been an excellent one. It certainly is not shown that the interests of the estate or of any of the creditors were prejudiced.

The objections will be overruled and the amounts recommended allowed.